# NO. 12-22-00130-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE INTEREST OF I.M.,* | § | *APPEAL FROM THE* |
| | § | *COUNTY COURT AT LAW* |
| *A CHILD* | § | *ANDERSON COUNTY, TEXAS* |

## MEMORANDUM OPINION
## PER CURIAM

This appeal is being dismissed for failure to comply with the Texas Rules of Appellate Procedure.  *See* TEX. R. APP. P. 42.3(c).

Appellant, L.M., filed a pro se notice of appeal on May 25, 2022.  On May 26, the Clerk of this Court notified Appellant that the notice of appeal failed to contain the information specifically required by Texas Rule of Appellate Procedure 9.5 and Section 51.017(a) of the Texas Civil Practice and Remedies Code.[1]  *See* TEX. R. APP. P. 9.5 (service); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 51.017(a) (West Supp. 2019) (notice of appeal must be served on each court reporter responsible for preparing reporter's record).  The notice warned that, unless Appellant filed a proper notice of appeal on or before June 24, the appeal would be referred to the Court for dismissal. This Court granted Appellant's request for an extension, making the amended notice of appeal due on or before July 12.  On July 13, Appellant filed an amended notice of appeal, but the amended notice still fails to comply with Section 51.017.

---

[1] Pro se litigants are held to the same standards as licensed attorneys and must comply with all applicable rules of procedure; otherwise, pro se litigants would benefit from an unfair advantage over parties represented by counsel. *Muhammed v. Plains Pipeline, L.P.*, No. 12-16-00189-CV, 2017 WL 2665180, at *2 n.3 (Tex. App.—Tyler June 21, 2017, no pet.) (mem. op.).

1

Because Appellant failed, after notice, to comply with Rule 9.5 and Section 51.017(a), the appeal is ***dismissed***.[2]  *See* TEX. R. APP. P. 42.3(c) (on its own initiative after giving ten days' notice to all parties, appellate court may dismiss appeal if appeal is subject to dismissal because appellant failed to comply with a requirement of these rules, a court order, or a notice from the clerk requiring a response or other action within a specified time).

Opinion delivered July 20, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

---

[2] Appellant's amended notice also references a petition for writ of mandamus and asserts that mandamus is the appropriate remedy.  However, a mandamus proceeding is "commenced by filing a petition with the clerk of the appropriate appellate court." TEX. R. APP. P. 52.1.  Moreover, a petition for writ of mandamus must comply with Texas Rule of Appellate Procedure 52.3.  *See* TEX. R. APP. P. 52.3.  Appellant has not commenced an original proceeding by filing a petition for writ of mandamus with this Court in accordance with Rule 52.  But dismissal of this appeal does not prohibit Appellant from filing a petition for writ of mandamus with this Court should Appellant wish to do so.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 20, 2022**

**NO. 12-22-00130-CV**

**IN THE INTEREST OF I.M., A CHILD**

---

Appeal from the County Court at Law
of Anderson County, Texas (Tr.Ct.No. CCL-21-17250)

---

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this Court that this appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that the appeal be, and the same is, hereby **dismissed**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*

3